GAUDIN, Judge.
Marathon Petroleum Company overpaid its local sales taxes over an 18-month period and then filed suit in district court for a refund. The trial judge in the 40th Judicial District Court ordered that the St. John the Baptist Parish School Board refund taxes paid during a 90-day period, from July 1 to September 28, 1986, but denied further recovery.
Both Marathon and the school board filed appeals to this Court. The petroleum company contends that its refund should not be limited to the 90-day period while the school board argues that it should not be required to make any refund.
For the following reasons, we agree with Marathon’s position. We affirm that portion of the district court judgment ordering a partial refund and we reverse that part of the decree denying any additional refund. We remand to the district court for a determination of the precise amount due Marathon.
Marathon overpaid its taxes from July 1, 1986 to May 31, 1987 and filed amended returns on August 3,1987, seeking a $134,-134.58 refund. Marathon explained that it had erroneously paid taxes on all refinery gas except that used as boiler fuel rather than on the refinery gas used as boiler fuel, which was the only refinery gas subject to taxation. At the same time, Marathon sought and received a refund from the *1092 State of Louisiana for taxes mistakenly paid the state.
The school board does not believe that taxes voluntarily paid and not paid under protest can be recovered by the paying party. However, LSA-R.S. 47:1621 and Section 10.04 of the pertinent local ordinance clearly authorize a refund. Section 10.04 states:
“SECTION 10.04. Where no question of fact or law is involved, and it appears from the records of the Parish School Board that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the Treasurer may, at any time within two (2) years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the Treasurer shall authorize the payment thereof from any appropriation available for such purposes.”
The 90-day period referred to by the trial judge was taken from Section 10.01 of the local ordinance, which applies only to refunds being sought because an item purchased. had been returned to the dealer after taxes had been collected or charged. Taxes paid under a mistake of fact or of law are not subject to this 90-day limitation. Neither R.S. 47:1621 nor Section 10.-04 of the local ordinance has a 90-day limitation.
Accordingly, we remand to the trial judge for a determination of the exact amount due Marathon for overpayment of taxes from July 1, 1986 to May 31, 1987.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.